UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER A. LINDAHL,

    Petitioner,

    v.

PATRICK R. GLEBE,

    Respondent.

Case No. C10-5274BHS

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 16), and Plaintiff's ("Lindahl") objections to the R&R (Dkt. 19).

    This matter arises out of Lindahl's habeas corpus petition filed under 28 U.S.C. § 2254, which challenges his 2007 conviction for intentional second degree murder with a deadly weapon. Dkt. 16 at 1 (citing Dkt. 5). The sole issue before the Court is whether Lindahl's petition is timely or subject to tolling provisions that would excuse its untimeliness.

    To begin with, the magistrate judge correctly dispensed with whether or not an evidentiary hearing was required in this case. *See* Dkt. 16 at 3-4; *see also Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (conducting evidentiary hearing is discretionary and not generally held unless a petitioner alleges facts not determinable by the record that could support a basis for habeas relief; also not held when the issue is purely legal). Here, to the extent Lindahl has set out an objection that is not purely a legal question (i.e., timeliness),

ORDER – 1

his objections fail to set out facts that shed light on new grounds for habeas relief. Therefore, Lindahl's objections on this issue are denied.

The magistrate judge also concluded and this Court agrees that Lindahl's petition is untimely, as he filed it more than a year after the limitations period began pursuant to 28 U.S.C. § 2244(d); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that, for purposes of seeking federal habeas review, the ADEPA one-year limitations period runs from the date on which the time for seeking certiorari expires). The magistrate judge further determined and this Court agrees that Lindahl failed to establish that his case is one of exceptional circumstances that would permit the limitations period to be tolled. *See, e.g, Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.2d 530, 541 (9th Cir. 1998) (en banc). Additionally, the Court agrees with the magistrate judge's conclusion that Lindahl is not entitled to a certificate of appealability.

Although Lindahl made several objections to the R&R, none of these objections are sufficient to persuade this Court to depart from the magistrate judge's recommendation to dismiss this case. *See* Dkt. 19. In short, Lindahl does not adequately support a conclusion that his petition was timely or subject to the tolling provisions for AEDPA.

Therefore, the Court having considered the R&R, Lindahl's objections, and the remaining record, does hereby find and order:

(1) Plaintiff's objections are **OVERRULED**;

(2) The R&R is **ADOPTED**; and

(3) This action is **DISMISSED with prejudice**.

DATED this 17th day of February, 2011.

BENJAMIN H. SETTLE  
United States District Judge

ORDER – 2